This was a suit in the Superior Court of Chancery for the Richmond District in behalf of Boyd and Swepson and other persons, who sued as well for themselves, as for others, the creditors of Daniel Shelton ■deceased, who might come in and be contributory to the costs, against William Stainback the father-in-law, Charlotte Shelton the widow, and James Hester, Sheriff of Mecklenburg County, to whom the estate of said decedent, who died intestate, was committed.
The Bill stated that, at the time of the Intestate’s death, he was possessed of a considerable estate in Slaves and other personal property; but the defendant Stain-back pretending that the same had been lent by him to the said decedent in his life time, took the whole of the Slaves and greater part of the other property into his possession, and removed them from the County of Mecklenburg to the County of Brunswick; that *the said decedent Daniel Shelton had been in possession of the Slaves in question, exercising every act of ownership over them for fifteen years previous to his death; and therefore that the pretence, under which the said Stainback took possession as aforesaid, was fraudulent and void as to the creditors of said Shelton; that James Hester, the Sheriff, to whom the estates of the decedent was committed, alleged that only a few trifles had come to his hands; and, as the plaintiffs believed, there was a deficiency of assets in his hands, wherewith to pay their claims. They were also informed that the widow had some of the property in her possession, and confederated with the said Stainbaok to defraud the creditors by secreting and converting the decedent’s estate to their own use.
The prayer of the Bill was for a discovery of the assets in general, and of the Slaves in particular; that the defendants Stainback and Shelton be decreed to deliver up the Slaves and other assets of the decedent, for payment of the claims of the plaintiffs; and account for the hire and profits; and that the plaintiff's might have such other and farther relief, as the nature of their case required.
From the answers of the defendants, the depositions and exhibits in the cause, it appeared that the Slaves had been lent by the defendant Stainback to the said Daniel Shelton, without any Deed in writing duly recorded, declaratory of such loan, and had remained in possession of the latter until his death, being more than five years, without any substantial or bona fide interruption of such possession ; though it was proved that Stainback had frequently, in private, or when none but relations were present, demanded the negroes, received them from his daughter the wife of Shelton, or from Shelton himself, and immediately re-delivered them, to be held on the same term as befoie. It appeared, moreover, from the answer of James Hester, that the property which came to his hands had been sold for a sum insufficient to satisfy the claims of the plaintiffs.
Chancellor Taylor was of opinion, “that the plaintiffs had not made a proper case for a Court of Equity, since there was, by their own shewing, a legal representative of their debtor Daniel Shelton, who might be pursued at law, and whose duty it was to pursue the assets of the said Daniel *Shelton, and to recover the same for the benefit oi his creditors, to be apportioned among them without regard to the dignity of debts, if there should not be a sufficiency to pay the whole; but, if there were more than sufficient, to distribute the balance as the law requires; which in no wise devolved on the Creditors.” He therefore dismissed the Bill with Costs; without prejudice to any suit, which the plaintiffs might be advised to institute at law.
Frbm this Decree the plaintiffs appealed to this Court, where, the cause being submitted without argument, the following opinion was pronounced on the 17th of January 1817.
“It appearing that the Slaves, in the Bill and proceedings mentioned, were loaned by the defendant Stainback to the intestate Daniel Shelton or to his wife, and that the same remained in the possession of the Intestate until his death, and more than five years without such loan being declared by Deed in writing, recorded according to law, or such demand thereof by the lender, as is contemplated by the Act of Assembly in such cases in order to bar the rights of creditors; the Court is of opinion, that the said loan, though void as to creditors, was nevertheless effectual between the parties and their representatives ; and that, therefore, the slaves aforesaid were not assets in the hands of the defendant Hester, to whom the estate of the said Intestate was committed by the County Court, nor could they be recovered by him as such, being only liable to creditors so far, as their Debts remain unsatisfied by the assets in his hands. Tne Decree of the Chancery Court is therefore reversed with Costs; and the cause is remanded to that Court, with directions to have an account taken of the administration of the defendant Hester; of the Debts due from the Intestate Daniel Shelton, and to Decree *446 a payment of those Debts out of the assets in the hands of that defendant, so far as the same shall extend; and the bala'nce to be paid by the defendant Stainback within a time to be limited by that Court; and, in default thereof, that the Slaves in the Bill and proceedings mentioned, or so many of them as may be necessary for that purpose, be sold for the purpose of paying said balance.”