## SPENCE v. DUREN, *et als.*

1. A vendee of land in possession, may have relief in Chancery, when the vendor has made a fraudulent representation as to the title.
2. But the assertion of the vendor, that his title was good, is not fraudulent, unless he *knew* that a better title existed in another.
3. The facts, as to which a discovery is sought, and the action of the Court demanded, must be stated with reasonable certainty and precision, and the allegations be direct and positive, and not uncertain and inconclusive, before the defendant can be called on to answer them.

Error to the Chancery Court sitting at Talladega.

THIS was a bill in chancery, filed by the plaintiff in error against the defendants in error.

The complainant, by his bill, alleges that he made a contract with Duren and Copeland, two of the defendants, for the purchase of a half section of land, at the price of five thousand dollars, of which sum, one half was paid down, and executed his notes for the residue, in two equal annual payments ; and on the 13th March, 1835, Duren and Copeland executed their bond to make title to the land, on the maturity of the notes.— He further alleges that they represented they had title to the lands, and that the patent would issue to them, but that since the sale, he has been informed, and believes that the vendors were not the sole owners of the land, but that two other persons who are made defendants, are also interested, but in what manner, or to what extent, he is not able to say, and charges that his vendors overreached him by selling land as their own, in which

others had an interest. The bill further charges, that judgments have been obtained on the notes executed by him: that Duren, one of the vendors, has left the country.

The prayer of the bill is, for a specific execution of the contract, and that if the other defendants have an interest in the land, that they be compelled to disclose it, &c.

An injunction to the judgments at law having been granted by one of the Circuit Judges, the Chancellor dismissed the bill for want of equity, from which decree this writ of error is prosecuted.

STONE, for plaintiff in error.

J. L. MARTIN, contra.

ORMOND, J.—The principal question presented by this bill, was much considered by us at the last term of this Court, in the case of Young v. Harris, adm'r. We then held that, " where one was induced to purchase land by the fraudulent representations of the vendor, in relation to the title, the falsehood of which, he had no means of ascertaining by the exercise of ordinary diligence, he may have relief in chancery before eviction, and without abondonment of possession." The only charge in the bill in this case, which could be supposed to impute fraud to the vendors, is, to the following effect:

" That at the time of the purchase, orator was induced to believe that the defendants, Duren and Copeland, had a regular title to said lands in an incipient stage, and be abundantly able to make him such title for the same, as they covenanted in their bond to make, by the maturity of the notes, for the purchase money; that they so represented the matter to him, and upon their representation, he was induced to make the purchase, and from the fact, that they alone made the sale to him, and executed alone, the bond for title, and took the notes for the remaining purchase money to themselves alone, your orator could not have doubted that they alone were interested."

There is no fraud charged here ; these facts are all perfectly consistent with entire good faith on the part of the vendors. A vendor may suppose his title good, and so represent it, when in fact there is a better title outstanding in another. To constitute fraud, therefore, the representation must not only be un-

true, but it must be made with knowledge of its untruth.—
This is not charged in the bill, and therefore it cannot be supported on the ground of fraud, which could alone give the Court jurisdiction upon the facts set forth in the bill.

But not only is there no fraud charged in the bill, in relation to the title, but it does not appear from the bill, with that precision and certainty which is required in chancery pleading, that the vendors have not a good title to the land. The supposed outstanding title, is thus set forth:

"Your orator has been informed, and believes, and so charges, that the said Duren and Copeland were not the sole owners of the said land, if indeed they own any part thereof, but that the same was claimed in whole or in part, by others, viz: That a certain Drury Howard, and a certain Eli M. Driver, claimed to be interested in the lands so sold to your orator, but whether said Howard and Driver claim to be interested with both as co-partners, or with only one of them, or if so, with which of them, and to what extent of interest, your orator has never been able, with certainty, to learn, nor does he feel himself able positively to state. To some extent, however, and in some manner, he does charge they were interested at the time of the sale to him, and have so continued, as he is informed and believes."

These charges are altogether too vague and uncertain, to be the basis of any action in a Court of justice. Instead of charging facts, which could be met and answered, the bill deals in suspicions and conjectures, and on belief founded in rumor and hearsay. Bills of this vague and uncertain character, which call for a disclosure without positive and certain allegations. have been denominated fishing bills; such is the character of this. The rules of chancery practice require, that the facts, as to which a discovery is sought, and the action of the Court demanded, should be stated with reasonable certainty and precision; that the allegations should be direct and positive, and not uncertain and inconclusive, before the defendant can be called on to answer. It would be an intolerable grievance, if a judgment could be suspended in its operation by statements so uncertain and inconclusive, as those found in this bill.

It may also be remarked, that the bond which it appears was given for the title, is not a part of the record, and the descrip-

tion of it in the bill is so uncertain and unsatisfactory, that it can exert no influence on the decision of the cause.

Let the decree of the chancellor be affirmed with costs.