| 6 | 367 |
| 107 | 207 |

## MARLER, ADM'X, v. MARLER.

1. When slaves, belonging to a mother. are permitted by her to remain in the possession of a son, he recognizing her title, for more than three years, and he dies in possession, but insolvent; his administratrix cannot recover the slaves in detinue from the mother, who subsequent to the grant of administration on her son's estate, has regained the possession ; the administratrix does not represent the creditors who might, under the statute of frauds, be entitled to have satisfaction of their debts out of the slaves.

WRIT of error to the Circuit Court of Montgomery county.

Action of detinue, by the administratrix of Aminidab Marler, to recover certain slaves.

At the trial, on the general issue, it was proved on the part of the plaintiff, that the slaves sued for were in her intestate's pos-

session at the time of his death, and had remained in his possession for more than six years next before his death. That shortly after the grant of administration to the plaintiff, the slaves were taken from the plantation of her intestate by an agent of the defendant, who refused to deliver them on demand. The plaintiff also proved, that the estate of her intestate had been represented by her as insolvent, and so decreed by the competent authority.

The defendant then proved, that she was the mother of the plaintiff's intestate, and that he had frequently admitted and declared the slaves were her property, and did not belong to him.

On this state of proof, the plaintiff requested the court to instruct the jury, that if her intestate had been proved to have had possession of the slaves for three years, under a loan, or any other reservation or limitation, without demand made and pursued by due course of law by the defendant; or without such loan, reservation or limitation of the slaves was by will, or by deed in writing, duly acknowledged or proved, by one or more witnesses, in the circuit or county court of the county where one of the parties, the grantor or grantee, lived, within twelve months after the execution thereof, and recorded in the county where the property was situated; and, also, that the estate of her intestate had been represented and decreed to be insolvent, then the plaintiff was entitled to recover. This the court refused; and instructed the jury, that the plaintiff was not entitled to recover if the jury should believe the slaves were the property of the defendant, although they had remained in the intestate's possession for more than three years.

This refusal and charge was excepted to, and is now assigned as error.

HARRIS, for the plaintiff in error, urged, that if the administratrix could not recover under these circumstances, that creditors could never reach the slaves, although they were clearly entitled to them in satisfaction of debts.

The insolvency of the estate was a bar to these suits, and without execution against the estate of the intestate, they could have no pretence to go into equity·

HAYNE, contra, insisted that if there was a loan or reservation, it was good as between the parties and their personal representatives. [Osborne v. Moss, 7 John. 160; Chappel v.

Brown, 1 Bailey, 528; 3 Hayw. 252; Gillespie v. Gillespie, 2 Bibb, 91; Dale v. Harrison, 4 ib. 65; Stewart v. Dailey, Lit. Sel. C. 212.]

The creditors can go into equity if they cannot reach the assets at law. [Chappel v. Brown, 1 Bailey, 528.]

GOLDTHWAITE, J.—Our statute of frauds does not avoid loans, reservations or limitations of personal property, however secret, as between the parties themselves or their representatives, but only as to creditors and purchasers of the person remaining in possession of the property for the space of three years; and not then, if the loan is evidenced by deed or will, recorded as prescribed. [Clay's Digest, 254, § 2.]

This, indeed, is conceded to be the general effect of the statute; but it is insisted, whenever an estate is decreed to be insolvent, that then the administrator is entitled to hold, or reduce into possession, any property which a creditor could resort to for satisfaction of his demand. And it is further urged, that if the administrator cannot thus proceed, the creditor will be remediless, as, by reason of the insolvency, he can procure no execution to levy on the property.

In the present case, there seems to have been no question raised as to the *bona fides* of the transactions between the defendant and the plaintiff's intestate; but we may remark, that even if there had existed a fraudulent intent in fact, as well as in law, it seems to be well settled that a personal representative is bound by the act of his testator or intestate. [Gillespie v. Gillespie, 2 Bibb, 89; Stewart v. Dailey, Litt. S. C. 212; Osborne v. Moss, 7 John, 161; Hawes v. Leider, Cro. Jas. 270; Yelv. S. C. 196; Steele v. Brown, 1 Taunt. 381; Reichert v. Castator, 5 Binn. 109; Densler v. Edwards, January Term, '43.] However this may be, we are aware of no rule which permits a personal representative ever to change his character, and to become the representative of a creditor. Indeed, there is no reason why he should do so, for the creditor has ample remedies which he may use at will. Without undertaking, at this time, to decide whether a creditor, whose rights have attached under the statute of frauds, can or cannot sue one who takes possession of property liable to the payment of his debt, as an *executor de son tort*, we may remark that, if he was remediless at law, this, of itself, would

be a sufficient reason why the property liable for his debts should be reached in equity.

The case of Boyd and Swepson v. Stainback, [5 Munf. 305,] was one, where a creditor, suing on behalf of himself and others, was permitted to subject slaves, which had remained in his debtor's possession for such a length of time as created the legal presumption of a fraudulent trust, and this after the death of the debtor, and after the slaves had been retaken by the lender.

We think the refusal to give the charge requested, was proper; and the one given seems to be unexceptionable.

Judgment affirmed.