Moncure, J.
I feel myself compelled to dissent from the opinion of a majority of the Court in this case. The marriage agreement made between John H. Lee and Elizabeth his wife, on the 5th day of December 1825, not having been recorded, was, according to the decision of this Court in the case of Thomas v. Gaines, 1 Gratt. 347, void as to his creditors. Does it derive any validity as against those creditors, from the decree of the Richmond Chancery court of the 4th of February 1826 ? Or does that decree, proprio vigore, make the claims of those who claim under the agreement, paramount to the claims of the said creditors ? I think not. It is unnecessary to enquire in this case what would be the effect on the claims of the husband’s creditors, of a decree in an adversary suit, brought by the wife against her husband to enforce the execution of an ante-nuptial agreement between them. Nor whether a deed executed in pursuance of such a decree, or of a decree for a settlement, rendered in a suit in which the wife’s equity could properly be administered, would be good against the husband’s creditors, without being recorded. There would be much room for contending in such a case, that both the letter and the spirit of the statute required the recordation of the deed. On that question, however, I express no opinion. It is enough to say that this is not such a case. The suit in which the decree of the 4th of February 1826 was rendered was not an adversary suit, as between husband and wife, if adversary as to any person. It was brought by husband and wife in about a month after their marriage, to recover of her father’s executor her portion of *325 his- estate, real and personal. It was not brought to enforce the execution of the ante-nuptial agreement. There had been no refusal and was no unwillingness on the part of the husband to execute it. Suppose it had been executed by the execution of a deed conveying the property to a trustee for the purposes of the agreement. Would not the recordation of that deed have been necessary to give it effect against the husband’s creditors ? The agreement was referred to in the bill because it was a binding agreement between the parties, and the husband was willing the property should be received and held subject to the uses therein declared. Whether the suit would have been brought if there had been no agreement does not positively appear. The nature of the wife’s property and the provisions of her father’s will might have rendered such suit necessary. It seems that the portions of the older children had been assigned and paid to them under the order of the Chancery court. However this may be, the executor did not refuse to assign and pay the wife’s portion to the husband in this case for the purpose of enforcing the execution of the agreement, or a settlement by him on her. The bill states that the executor doubted whether he could properly deliver to the complainant the share of the wife, because he had been informed of the ante-nuptial agreement. The agreement is then exhibited, and the complainants pray that the share of the wife may be assigned and paid to them. The executor probably doubted whether the Husband could give him a valid discharge under the agreement, and in his answer stated that he was willing and anxious to surrender her portion of her father’s estate to whomsoever the Court might appoint to receive the same and give him a legal discharge. And the Court decreed that the plaintiffs hold the real estate and slaves allotted to them in right of the female plaintiff, subject to the use and stipulations of the *326 marriage agreement. I think this decree was merely a recognition of the agreement, and cannot operate as notice to creditors and purchasers, or dispense with the necessity of recording the agreement according to the requisition of-the statute. I cannot see how such a recognition can have any greater effect on the rights of creditors than a deed executed by the husband in pursuance of the agreement, which it will be admitted would not affect those rights without being recorded. It seems to me that it would be strange indeed if a decree for the plaintiffs in a suit brought to recover property on an agreement binding on the parties, but not as to creditors because not recorded, should have the effect of setting up the unrecorded agreement against the creditors. This would be against the policy of the statutes of registration, the overruling influence of which is so great, that, as was decided by this Court in Newman v. Chapman, 2 Rand. 93, the pendency of a suit to set up an unrecorded deed which is required by law to be recorded, will not affect a subsequent purchaser for valuable consideration without actual notice.
The agreement then being void as to creditors, notwithstanding the decree of the 4th of February 1826, is it renderd valid as to them by the decree of June 1833? Or does that decree proprio vigore bind the creditors of Lee ? I think not. The agreement and decree of 1826 being void as to the creditors of Lee at the time of his death, that event rendered it impossible to set up the agreement against those creditors. Their rights to the legal administration of Lee’s estate, of which the trust subject was part as to them, became then fixed, and could not be changed by the subsequent recordation of the deed or recovery of the subject by the wife. The agreement being valid inter partes, the trust subject did not devolve on the executor of Lee, or if it did, he held it as trustee in equity *327 for the benefit of the wife. He could not resist her suit against him for it, and therefore he was properly decreed to render it to her by the decree of 1833. But that decree declares the deed valid as between the parties thereto, and not as to creditors; and the Court which pronounced it did not intend “ to intimate any opinion as to the effect of the marriage contract as to the creditors of Lee,” as appears by a copy of the opinion contained in the record. Supposing the agreement then to be void as to creditors, notwithstanding the decrees of 1826 and 1833, the wife held the property after its recovery by her as executrix de son tort as to her husband’s creditors, and those creditors had a right to subject it to the payment of their claims after exhausting the assets in the hands of the legal executor. Chamberlayne v. Temple, 2 Rand. 384; Boyd v. Stainback, 5 Munf. 305; and Shields v. Anderson, 3 Leigh 729. Kennedy is a creditor of Lee, and he established his claim by judgment against the executor, which is at least prima facie evidence against the executrix de son tort. The assets in the hands of the rightful executor have been exhausted. The act of limitations interposes no bar in favour of the executrix de son tort, and I therefore think that the subject is liable for the payment of the appellee’s claim, and that the decree in his favour should be affirmed.
Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that the agreement entered into on the 5th December 1825 between John H. Lee and the appellant Elizabeth, in contemplation of marriage, was a valid agreement between the parties; that although for want of recordation the same would have been void as against the creditors of the said John H. Lee, it was nevertheless competent for the wife and children provided for in said agreement, to have called for the specific execution of said agreement; and if *328 there was no existing creditor or purchaser whose rights would have been affected thereby, there could have been no objection to such specific execution, even although the marital rights of the husband had attached by a reduction of the property into his actual possession. It would have been competent under such circumstances for the husband to have made a voluntary settlement, which, if duly recorded, would have been good against subsequent creditors; and a decree for the specific execution of an agreement, made in consideration of marriage where there was no existing creditor or purchaser to be affected is equally free from objection. The Court is further of opinion, that in this case the wife and children occupy a more favourable position than in the case supposed of an agreement in respect to, or a voluntary settlement of, property upon which the marital rights of the husband had attached by a reduction of the property into possession. Inasmuch as it became necessary here to apply to the Court of chancery for its aid in reducing the property into possession, it would have been competent for such Court in a proper case to have required a settlement even in the absence of any marriage contract, as a condition upon which it would interpose. The Court is further of opinion, that by the bill exhibited in the late Superior court of chancery for the Richmond district by the said John H. Lee and Elizabeth his wife, against Edmund Rootes executor of John Prosser deceased, for a division and allotment and delivery to the plaintiffs of the portion of said Elizabeth in the estate of her father, the rights of said Elizabeth and her children under said marriage agreement were brought directly to the consideration of the Court; that by the issue made up by the bill, answer and proceedings in said cause, it was proper for the Court to determine and adjudicate upon the legal effect of said agreement. The Court is further of opinion, that when *329 by the interlocutory decree and by the final decree pronounced in said cause on the 4th of February 1826, the property of said Elizabeth was decreed to be delivered over to the said John H. Lee and Elizabeth his wife, to be held by them subject to the use and stipulations of said marriage agreement, the decree in effect did set up and execute said marriage agreement; the marital rights of the husband were thereby intercepted; and the property taken and received in virtue of said decree was thereafter held by said John H. Lee and wife as trustees under said decree for the purposes of said agreement; and not by the said John H. Lee in his character of husband alone. The Court is further of opinion, that the validity of said decree was not impaired by the failure to register the same in the county where the property was situate or found, or the parties resided; and the rights acquired in virtue of said decree are good and valid as against the subsequent creditors of the said John H. Lee. The Court is therefore of opinion, it was not competent for the appellee, a subsequent creditor of the said John H. Lee, to assail the validity of said marriage contract so as aforesaid established by the decree of the 4th of February 1826, because said contract and decree had not been duly recorded.
The Court is further of opinion, that when after the death of said John H. Lee, the widow and children filed their bill against the personal representative of Said John H. Lee and obtained a decree for the recovery of such of the property as remained, undisposed of, and for the value of such as had been wasted by said Lee, they asserted a claim to such undisposed of property by a title paramount to the title of the personal representative; and their title being valid under and in virtue of the decree of the 4th of February 1826 aforesaid, such recovery of the property undisposed of, and for the value of such as was wasted, is conclusive against said administrator of John H. Lee *330 and the creditors of said Lee, who became such after _ the decree of the 4th of February 1826; there being no allegation that said decree against the administrator of John H. Lee was collusive. The Court is therefore 0p 0pjnion sai¿ decree is erroneous; reversed with costs : And this Court proceeding, &c. Bill dismissed with costs.