| 24 | 513 |
| 93 | 81 |

| 24 | 513 |
| 107 | 207 |

## WALTON, ADM'R, *vs.* BONHAM ET AL.

1. A vendee may come into equity, to enjoin a judgment at law on the notes given for the purchase money, upon alleging the vendor's fraudulent representations of title in himself, a breach of his warranty of title, and the insolvency of his estate.

2. A deed made to hinder, delay and defraud creditors, can only be declared void when attacked for the fraud; neither the grantor himself, nor his administrator, can set up the fraud against a subsequent purchaser from him, for the purpose of showing that a good title passed notwithstanding the deed, and thus preventing the purchaser from enjoining a judgment at law on the notes given for the purchase money.

APPEAL from the Circuit Court of Montgomery.

Heard before the Hon. J. W. LESESNE.

THE appellees filed this bill to enjoin a judgment at law, recovered against them by the appellant, as the administrator

of Samuel Humphries, deceased, on a note given for the purchase money of a certain tract of land, sold by said Humphries to complainant Bonham in 1846, on which note the other complainants were said Bonham's sureties. The bill alleges, that said Humphries fraudulently represented to said Bonham that he had a perfect title to said land, and conveyed the same to him by deed with warranty of title ; that Bonham has paid part of the purchase money, and has made improvements on the land, and has opened thirty acres of it for cultivation ; that judgment has been rendered against complainants for the balance of the purchase money remaining unpaid; that Bonham has discovered since the rendition of said judgment, that said Humphries, at the time of said sale, had not the legal title to said land, but had previously conveyed it, by deed duly recorded, bearing date February 6, 1839, to his infant children ; and that the estate of said Humphries is insolvent.

The administrator answered the bill, admitting its material allegations, and setting up, in bar of the relief sought, that said conveyance executed by his intestate to his minor children, was so executed by him for the purpose of hindering, delaying and defrauding his creditors, and was therefore void, and consequently a good title passed to said Bonham by his purchase.

The Chancellor decreed in favor of complainants ; holding that Humphries, if alive, could not set up his own fraud, and that the same disability rested on his administrator ; and citing Roden v. Murphy, 10 Ala. 804, and Marler v. Marler, 6 Ala. 367. This decree is now assigned for error.

NAT. HARRIS, for the appellant.
GEORGE W. STONE, *contra*.

GOLDTHWAITE, J.—The equity of the bill rests upon the allegations of the sale of land by Humphries, the intestate of the defendant, to the complainant, with warranty of title ; the fraudulent representations on the part of the vendor that he had the title at the time of the conveyance, when, in fact, he had not, by reason of his conveyance to his children before that time; and the insolvency of his estate, which renders it unable to respond in damages. These allegations are sufficient to sustain the bill.—Young v. Harris, 2 Ala. 108 ; Spence v. Driver, 3 Ala. 251; Greenlee v. Gaines, 13 Ala. 198.

The appellant proves that the deed to the children was made to defraud creditors, and sets up the fraud of his intestate in order to defeat that deed, and thus sustain the title to the complainant. This cannot be done. The law holds the deed void, as against creditors and purchasers; but it can only be so declared when it is attacked for the fraud. Here the deed is not assailed by the purchaser. He assumes, as he has a right to do, that it is honest, and a court of justice will not allow the party who made it to say that it was fraudulent. To do so, would be against good morals; and the grantor, under such circumstances, not being permitted to impeach his own deed, his administrator cannot do so.—Marler v. Marler, 6 Ala. 367; Roden v. Murphy, 10 Ala. 804.

Decree affirmed.