## SIMONTON vs. McLANE'S ADM'R.

1. If one in his lifetime makes a fraudulent conveyance of his property, his grantee may, after his death, be charged as executor *de son tort*, although there is a lawful representative, because the latter, being bound by the fraud of his testator or intestate, cannot be charged at all in his representative capacity ; but this doctrine has no application to cases of collusion between the lawful representative and a third person, where there is nothing to prevent the former from being held liable, and therefore the latter cannot be charged as executor *de son tort*.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. ROBERT DOUGHERTY.

THE appellee, as administrator of Matilda P. McLane, brought suit against the appellant, as executor of Thomas H. Lightfoot, on a promissory note for $29 60, executed by said Lightfoot, and payable to said Matilda. The defendant pleaded *non assumpsit, ne unques executor*, and several other pleas which it is unnecessary to notice. The evidence showed that the defendant had collected and paid out moneys belonging to

the estate of said Thomas H. Lightfoot, and that one A. N. Lightfoot was at the same time the lawful administrator of the estate. The court charged the jury, that, although they might believe that said A. N. Lightfoot was the administrator of said estate, legally appointed and qualified, yet, if there was collusion between him and the defendant to defraud the creditors of the estate, and that defendant, with this intention, collected and paid out funds belonging to the estate, this would make him executor *de son tort*, and plaintiff ought to recover. The defendant excepted to this charge, and he now assigns it for error.

J. FALKNER and GEO. W. GUNN, for the appellant, cited 4 Bac. Abr., pp. 28 to 31; Toller on Ex'rs, p. 40; 1 Chitty's Pl. 51: 1 Williams on Ex'rs, pp. 140, 141.

S. F. RICE, with whom was C. D. HUDSON, cited Foster v. Nowlin, 4 Missouri R. 18; Hopkins v. Towns, 4 B. Mon. 124.

GOLDTHWAITE, J.—The plea was *ne unques executor* ; and evidence was offered that, at the time the defendant below committed the acts for the doing of which he was sought to be charged as executor *de son tort*, there was a lawful administration. The charge of the court was, in effect, that although there was a lawful administrator, if the defendant, in collusion with him, received and paid out the funds, with intent to defraud the creditors of the estate, he could be charged as executor in his own wrong.

We agree that, where one in his lifetime makes a fraudulent conveyance of his property, the person to whom the conveyance is made may, after his death, be charged as executor, although there is a lawful representative ; and the reason is, that the latter, being bound by the fraud of his testator or intestate, cannot be charged at all in his representative capacity.—Densler v. Edwards, 5 Ala. 31 ; Marler v. Marler, 6 Ala. 367. But this doctrine has no application to cases of collusion between the rightful representative and a third person, where there is nothing to prevent the former from being held liable.

It is urged, however, on the part of the appellee, that the

evidence in the case shows, that there was no lawful representative until after suit brought ; and one of the appellant's witnesses does state that the intestate died in October 1847, while the letters of administration were granted in April of that year. But this was not conclusive : this witness may have been mistaken, and it was for the jury to decide. The charge did not place it upon that ground, but told the jury, that, although there was a lawful administrator at the time the defendant collected the money, he was responsible if fraud was made out. If there was such an administrator, the defendant would have been liable to him, but not to the creditor, unless, indeed, he claimed to act *as executor*, in which case some of the old cases hold that he would be liable, on the ground that he is not allowed to deny the character he has taken upon himself (Read's case, 5 Co. 34) ; but this has since been denied to be law by Lord Kenyon, in Hall v. Elliot, N. P. C. 87, and Sir Thomas Plummer, in Tomlin v. Beck, 1 T. & R. 438. What we have said will be sufficient to dispose of the case on another trial.

Judgment reversed, and cause remanded.