# DUCKWORTH *vs.* DUKCWORTH'S ADM'R.

[BILL IN EQUITY TO ENJOIN PROBATE DECREE.]

1. *Equitable relief against probate decree.*—A court of equity will not grant relief against a probate decree, by establishing a credit or set-off which might have been allowed in the probate court, merely on the ground that the complainant's attorney advised him that it was not necessary to bring it forward before that court.

2. *Allegations of bill.*—It is a cardinal rule, founded in reason and good sense, that a bill must show the complainant's claim or title to relief with accuracy and clearness, and with such certainty that the defendant may be distinctly informed of the nature of the case which he is called on to meet : matters essential to the complainant's right to relief must appear, not by inference, but by direct and unambiguous averment. Tested by this rule, the bill in this case is fafally defective.

APPEAL from the Chancery Court of Dallas.

Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by Jeremiah Duckworth and Alfred Berry, against John C. Grayson, as the administrator of Randall Duckworth, jr., deceased ; and sought to enjoin a decree of the probate court of Dallas, which had been rendered against the complainants, on the final settlement of their accounts as executors of Randall Duckworth, sr., in favor of said Grayson, for his intestate's distributive share of said estate. The facts alleged are these : In June, 1851, the complainants, in connection with the defendant's intestate, qualified as executors of said Randall Duckworth, sr., who was the father of the defendant's intestate. In December, 1851, on the distribution of the slaves belonging to the estate, the defendant's intestate became indebted to the estate in the sum of $253, the excess of the value of the slaves received by him above his distributive share, and executed a receipt for the slaves, acknowledging that he was responsible for this excess on final settlement ; and at other times during the joint administration, he received from complainants, as executors, divers sums of money, amounting in the

aggregate to about $920, for which he executed to them his receipts. Afterwards, pending an application for the final settlement of the executors' accounts, the defendant's intestate died; and in December, 1856, on the final settlement, a decree was rendered against the complainants, in favor of Grayson, for $1390, as his intestate's share of the estate, and the complainants were discharged as executors. On this settlement, the several sums due from the defendant's intestate, as above stated, " were not taken into the settlement, nor then and there prayed to be credited upon his distributive share of said estate, because they were advised by their attorney that it was not necessary to do so, as the same could at any time afterwards be credited upon said decree in favor of his administrator, or would pass as cash in its payment and discharge; nor has any portion thereof been paid or discharged. Grayson is a foreign administrator, having qualified as such in Louisiana. An execution has issued on said decree, and is now in the sheriff's hands." The prayer of the bill was, for a perpetual injunction of the decree, and for general relief.

The chancellor sustained a demurrer to the bill, for want of equity; and his decree is now assigned as error.

BYRD & MORGAN, with GEO. W. GAYLE, for appellant, contended that the bill contained equity, on the following grounds:

1. The complainants, being the sureties of the defendant's intestate for his proper administration of the assets which came to his hands, have the equitable right to retain in their hands the amount due on the decree against them, until they are discharged from this liability.—Adams on Equity, 223, (508;) 2 P. Wms. 128; 7 Watts, 79; 3 Hare, 571.

2. The money in the hands of the defendant's intestate was received by him as assets of his father's estate, and he had the right to hold it until his accounts as executor were settled; and his co-executors could not, for this reason, insist on it as a set-off against his distributive share of the estate in their hands. Or, if there was such mutu-

ality in the demands as would support the claim as a set-off; still it was only an equitable set-off, and could not have been enforced in the probate court. The notes were not taken payable to the executors as such, and could not have been so taken as to vest in them any right of action as executors.—Godbold v. Roberts, 20 Ala. 354; Nelson v. Dunn, 15 Ala. 502; Calloway v. McElroy, 3 Ala. 406; King v. Shackelford, 24 Ala. 158.

3. Grayson, being a foreign administrator, has no right to remove the property of his intestate from this State until the creditors here are satisfied.—Story's Conflict of Laws, §§ 525–26, 388; Harrison v. Mahorner, 14 Ala. 829.

4. A foreign administrator has no right to sue, or to collect by execution here, except by the permission of our statutes.—Harrison v. Mahorner, *supra*; Kennedy v. Kennedy, 8 Ala. 391. It does not appear that he has given the bond required by sections 1390–93 of the Code; and until he does this he has no right to receive the money, although he has an execution. Chancery only can afford relief in such case.—24 Ala. 439; 4 Ala. 721.

PETTUS, PEGUES & DAWSON, *contra.*—1. Considered as a bill for equitable relief against a judgment at law, because of the ignorance or mistake of their counsel, the bill is without equity.—Hair & Labuzan v. Lowe, 19 Ala. 224; Lee & Norton v. Bank, 2 Ala. 21; Stinnett v. Bank, 9 Ala. 120; McGrew v. Bank, 5 Porter, 547; Mock v. Cundiff, 6 Porter, 24; Hill v. McNeill, 8 Porter, 432; Sanders v. Fisher, 11 Ala. 812; Watts v. Gayle & Bower, 20 Ala. 817.

2. The bill cannot be maintained for the purpose of establishing, as an equitable set-off, a demand which was available as a legal set-off in the probate court.—Carroll v. Moore, 7 Ala. 615; Landreth v. Landreth, 12 Ala. 640. Moreover, the bill shows that the complainants have had a final settlement of their executorship, and have been discharged; and there is no averment that they were charged on their settlement with the sums advanced to the defendant's intestate: on the contrary, it is expressly averred that those sums were not " considered or account-

ed for on said settlement." According to the averments of the bill, then, the complainants have no interest whatever in these sums, but the same belong to the legatees and distributees of their testator's estate; and it does not appear that the defendant's intestate is not the sole legatee.

3. If it were admitted that the complainants, as co-executors with the defendant's intestate, became responsible to the legatees for the assets which went into his hands, they could not obtain any relief under the present form of the bill. The bill is not filed in a double aspect, and its sole object is to have the decree perpetually enjoined. The relief they now claim, as sureties, is utterly inconsistent with the prayer of the bill; and the general prayer cannot aid them.—Simmons v. Williams, 27 Ala. 507; Wiley, Banks & Co. v. Knight, 27 Ala. 336; Charles v. Dubose, 29 Ala. 367.

R. W. WALKER, J.—1. If the demands set up by the complainants against the estate of Randall Duckworth, jr., could have been allowed on their final settlement in the probate court, in reduction of his distributive share in his father's estate, the bill is without equity; for no rule is better established, than that a court of chancery will not relieve in regard to a matter as to which the complainant could have had redress in a previous litigation, unless he was prevented from obtaining it by accident, fraud, or the act of the opposite party, unmixed with fault or negligence on his part.—Hair & Labuzan v. Lowe, 19 Ala. 224.

2. But, if it be conceded that the probate court had no jurisdiction to give the complainants the benefit of these demands, on the final settlement, by deducting them from the amount of the distributive share of Randall Duckworth, jr., still, we think that this bill is not so framed as to show that the complainants are entitled to relief.

It is obvious that, if the complainants can claim relief at all, it must be upon one or the other of the following grounds:

*First*, That on their final settlement they were charged with, and accounted for, the amounts due from Randall

6

Duckworth, jr., and that the probate court had no power to allow these amounts as sets-off against the latter's distributive share of the money in their hands.

*Second,* That the complainants were *not* charged with these amounts on their final settlement—but that Randall Duckworth, jr., was himself one of the executors; that he has never made a final settlement of his accounts as executor; that he was liable as such to the creditors and distributees of his father's estate, for the amounts received by him from his co-executors; that the complainants, being his sureties on his bond, are also responsible therefor; and that, his administrator being a non-resident, they have the right to protect themselves by the retention of the amount for which they are thus liable, until they are discharged from responsibility on his account.

Without stopping to consider the correctness of the foregoing as legal propositions, we are satisfied that this bill does not sufficiently aver the facts involved in either of them.

It is a cardinal rule, founded in reason and good sense, that the bill should state the title or claim of the complainant with accuracy and clearness, and with such certainty that the defendant may be distinctly informed of the nature of the case which he is called upon to meet. If the facts essential to the right of the complainant are not clearly and unambiguously alleged, the defect will be fatal; for no facts are properly in issue, unless charged in the bill, and no proof can be made of, or relief granted for facts not charged.—Story's Eq. Pl. §§ 242, *et seq.*; 1 Daniell's Ch. Pr. 411, *et seq*; Cockrell v. Gurley, 26 Ala. 405; Spence v. Duren, 3 Ala. 251.

To justify relief upon the first of the two grounds just mentioned, the bill should aver positively, that the complainants had been charged, on their final settlement in the probate court, with the several amounts which they claim from the estate of Randall Duckworth, jr. There is no positive and direct allegation that this was the fact; and for this reason, if for no other, the bill is fatally defective, if it is to be considered as seeking relief upon the ground here referred to.

In like manner, its allegations are altogether too vague and uncertain to authorize relief upon the second ground above mentioned. It is not distinctly averred, that the complainants were *not* charged, on their settlement in the probate court, with the amounts due from Randall Duckworth, jr.; nor is there a clear and positive allegation that the latter had not made a final settlement of his accounts as executor, (which would have discharged the complainants from liability as his sureties;) or that there were any unsatisfied creditors of the estate of Randall Duckworth, sr., to whom the complainants could ever be made liable for the amounts due from their co-executor; nor that the latter was not in fact the sole distributee of his father's estate. It is true that some, if not all of these facts, might be inferred from other statements in the bill; but the matters essential to the complainant's right to relief must appear, not by inference, but by direct and unambiguous averment.

The bill seems to proceed entirely upon the ground, that the complainants have the right to set off these demands against the decree in favor of the defendant as administrator of Randall Duckworth, jr., because they were prevented from having this done on their settlement in the probate court, by the advice of their counsel, who told them that it could as well be done afterwards. Considered in this aspect, it is wholly without equity; and if it is to be treated as seeking relief upon any other ground, its allegations are so vague and uncertain, that they fail to establish the existence of any specific equity which the complainants can call upon the court to enforce.

Decree affirmed.