[Davis v. Swanson, Adm'r.]

# Davis *v.* Swanson, Adm'r.

*Bill in Equity by Personal Representative to set aside Conveyance made by the Intestate, &c.*

1. *Bill; when without equity.*—A bill filed by an administrator, to avoid a voluntary conveyance made by the intestate, because of prejudice to creditors whose debts existed when it was made, is without equity. Such a deed is valid as to the parties to it; and the administrator succeeds only to such rights as his intestate had.

APPEAL from Chancery Court of Barbour.
Heard before Hon. B. B. McCRAW.
The point decided is sufficiently stated in the opinion.

J. N. WILLIAMS, for appellant.

M. B. WELBORN, *contra.*

BRICKELL, C. J.—The bill filed by the appellee is devoid of equity, and should have been dismissed by the chancellor, *mero motu.* A voluntary conveyance, or a conveyance made with the intent to hinder, delay and defraud creditors, can be avoided only by creditors and purchasers. As between the parties, their personal representatives and heirs, such conveyances are valid. An executor or administrator is the representative of the testator or intestate, succeeding to his rights, and of consequence capable of maintaining only such suits as he could maintain. He is not the representative of creditors, authorized to pursue property fraudulently aliened by the decedent, which they may pursue and condemn to the satisfaction of their demands.—*Mader v. Mader,* 6 Ala. 367; *Roden v. Murphy,* 10 Ala. 804; *Walton v. Bonham,* 24 Ala. 513. A voluntary conveyance, or a conveyance made with the intent denounced by the statute of frauds, binding the intestate, is equally obligatory on his personal representative.

The whole purpose of the bill is to avoid a voluntary conveyance made by the intestate, because of its prejudice to creditors, whose debts existed when it was made. The creditors have ample remedies to redress any injury they may sustain from the conveyance, but the appellee, in his representative character, can not assert them.

The decree of the chancellor is reversed, and a decree here rendered dismissing the bill at the costs of the appellee in this court, and in the court of chancery.